**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 12 2013, 8:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DANIEL PETERS,                               )
                                             )
    Appellant-Defendant,                     )
                                             )
        vs.                                )    No. 34A02-1207-CR-569
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.                      )

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause No. 34D01-1009-FA-856

February 12, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issue</u>

Daniel Peters pleaded guilty to possession of methamphetamine in excess of three grams, a Class B felony, and was ultimately sentenced to fifteen years, all executed. Peters appeals his sentence, arguing it is inappropriate in light of the nature of his offense and his character. Concluding the sentence is not inappropriate, we affirm.

<u>Facts and Procedural History</u>

On two occasions in September 2010, Peters agreed with a confidential informant to purchase the ingredients for and then teach the informant how to manufacture methamphetamine in excess of three grams. The State charged Peters with conspiracy to commit dealing in methamphetamine, a Class A felony; dealing in a schedule II controlled substance, a Class B felony; and unlawful sale of legend drugs, a Class D felony.

On April 27, 2011, Peters appeared in court and entered a plea of guilty to possession of methamphetamine in excess of three grams, a Class B felony and a lesser-included offense of the conspiracy to commit dealing in methamphetamine charge. The "Recommendation of Plea Agreement" filed by the parties states:

> The sentence shall be left to the discretion of the Court after evidence and argument. Said sentencing shall be deferred during the Defendant's participation in the Howard County Drug Court Program.
> Should the Defendant successfully complete the Howard County Drug Court Program, this cause and all charges filed in it shall be dismissed.
> Should the Defendant fail the Howard County Drug Court Program, this matter shall be set for sentencing with the term and conditions of that sentence decided by the Court after evidence and arguments presented by the parties.
> If the Defendant fails the Howard County Drug Court Program, the State of Indiana agrees to dismiss Counts 2 and 3 and agrees not to file additional charges resulting from the same facts and/or circumstances.

2

Appellant's Appendix at 43. The trial court accepted Peters's plea of guilty and deferred sentencing to allow him to participate in the drug court program.

Throughout 2011 and into 2012, Peters appeared regularly in drug court for status hearings. In early 2012, a notice of intent to terminate Peters from the drug court program was filed with the trial court, alleging that he had failed to comply with the rules of the program by: 1) having a confirmed positive urine drug screen; 2) being evicted from the Kokomo Rescue Mission; 3) lying about his attendance at GED classes; and 4) using a cell phone without authorization. See id. at 47, 48. Following a fact-finding hearing, Peters's participation in the drug court program was terminated. At the ensuing sentencing hearing, the trial court, finding Peters's prior criminal history and the fact he violated probation by committing this offense were aggravating factors and finding no mitigating factors, sentenced him to fifteen years at the Department of Correction.

Discussion and Decision

I. Standard of Review[1]

This court has the authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). In assessing the nature of the offense and the character of the offender, we may look to any factors appearing in the record. Roney v. State, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), trans. denied. The burden is on the defendant to persuade us that his sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

---

[1] Although Peters includes in his brief the standard for reviewing a sentence for an abuse of the trial court's discretion, his argument is directed only at the nature of his offense and his character, and we likewise restrict our discussion to whether his sentence is inappropriate.

## II. Peters's Sentence

Peters was convicted of a Class B felony, the sentence for which ranges from six to twenty years with an advisory sentence of ten years. See Ind. Code § 35-50-2-5. The trial court sentenced him to fifteen years.

As to the nature of his offense, Peters argues that his crime, while "not acceptable under Indiana law," Appellant's Brief at 4, did not cause physical injury or pecuniary loss and did not involve a victim. Although we agree the crime is not particularly heinous, as it was an agreement to manufacture methamphetamine which did not come to fruition, we do note that Peters was not only planning to manufacture approximately eight grams of an illegal and insidious drug, he was also planning to teach someone else the manufacturing process.

As to his character, Peters notes that he is thirty-two years old, that he developed a substance abuse problem at an early age, and that his criminal history stems from his drug dependency. The trial court found his criminal history to be an aggravating factor in determining his sentence. The significance of a criminal history "varies based on the gravity, nature and number of prior offenses as they relate to the current offense." Wooley v. State, 716 N.E.2d 919, 929 n.4 (Ind. 1999). Peters, at thirty-two years of age, has accumulated six misdemeanor and four felony convictions. His most recent convictions prior to this offense also involved drug activity. He has repeatedly failed to comply with the conditions of probation and other opportunities for rehabilitation short of incarceration. He also failed to obtain his GED as a condition of his probation in 1998, which was again a condition of his participation in drug court for this arrest and which he again failed to do. Peters may have a substance abuse problem which has led to poor

4

decision-making, but he has demonstrated no interest in overcoming his addiction, as one of the reasons he was terminated from the drug court program was his use of marijuana nearly a year after entering the program. In short, we agree with the trial court that Peters's character as illuminated by his past actions and inactions warrants an enhanced and executed sentence.

## Conclusion

Given Peters's criminal history and repeated disregard for rehabilitative opportunities offered to him, we conclude that Peters has not demonstrated his fifteen-year sentence is inappropriate in light of the nature of his offense and his character. The trial court's sentencing order is affirmed.

Affirmed.

MAY, J., and PYLE, J., concur.